UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22898-DPG

**LIUDMILA GOLUBTSOVA**,

    Plaintiff,

v.

**NOTARYCAM, INC.,** *et al.*,

    Defendants.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Intervenor Budaev Holdings, LLC's Motion to Dissolve Lis Pendens (the "Motion") [ECF No. 5]. The Court has considered the Motion and the record and is otherwise fully advised. On August 27, 2024, the Court held a hearing and granted the Motion with a paper order to follow. For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND

On October 4, 2023, Plaintiff filed an eight-count complaint against her ex-husband Vladimir Budaev ("Budaev") and his company, Budaev Holdings, LLC ("Budaev Holdings"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The complaint included claims for recission and to quiet title, alleging that her ex-husband improperly conveyed marital property to Budaev Holdings via a quit-claim deed that "was verified by online notarization" and "was fraudulently executed without Plaintiff's authorization, consent or knowledge." [ECF No. 5-1 ¶ 17]. As part of that action, Plaintiff filed a lis pendens on the subject property located at 9705 Collins Ave, Unit 501N, Bal Harbour, FL 33154 ("Subject Property"). On June 4, 2024, Judge Migna Sanchez-Llorens granted Budaev Holdings' motion for summary

judgment, finding that Plaintiff failed to "demonstrate[] or produce[] any evidence showing the signature or her likeness was forged." [ECF No. 5-2 at 7]. Judge Sanchez-Llorens' summary judgment order also dissolved "[a]ny lien or lis pendens on property." *Id.* at 8. Plaintiff then filed a motion for rehearing which the court subsequently denied. [ECF No. 3]. On June 18, 2024, Plaintiff appealed to Florida's Third District Court of Appeal.

On July 30, 2024, Plaintiff initiated this action against the online notary services provider, Notarycam, Inc., and notary, Toni J. Wright, that Budaev used to effectuate the title transfer of the Subject Property. The Complaint includes claims for negligence, civil conspiracy, constructive trust / equitable lien, and violation of Florida's Deceptive and Unfair Trade Practices Act. In her Complaint, Plaintiff alleges that, as a result of Defendants' services, Plaintiff "has lost her share of the property by virtue of the fraudulently-procured deed having been notarized and recorded." [ECF No. 1 ¶ 22]. On July 31, 2024, Plaintiff filed a Notice of Lis Pendens, in this case, regarding the Subject Property. [ECF No. 3]. On August 7, 2024, Budaev Holdings filed an Expedited Motion to Intervene and Motion to Dissolve Lis Pendens. [ECF No. 5]. On August 22, 2024, the Court granted Budaev Holdings' Motion to Intervene and set a hearing on the Motion to Dissolve Lis Pendens. [ECF No. 11]. On August 27, 2024, the Court held a hearing where Plaintiff and Budaev Holdings presented their arguments regarding the Motion to Dissolve the Lis Pendens.

**II.    DISCUSSION**

Florida law governs the dissolution of a notice of lis pendens. Pursuant to Florida Statute § 48.23(3), a "court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions." The proponent of a lis pendens bears the burden of proving it is warranted. *Tribble v. Tew*, 760 F. App'x 718, 721 (11th Cir. 2019). A lis pendens is only proper when a "[p]laintiff has established a fair nexus between the legal or equitable ownership of the [property]

2

and the underlying action." *Axos Clearing, LLC v. Reynolds*, No. 1:19-CV-20979-KMM, 2019 WL 2082551, at *3 (S.D. Fla. May 9, 2019). To establish a nexus sufficient to warrant a lis pendens, "the proponent must show that the lawsuit specifically and directly affects the subject property" by putting forth "a good faith, viable claim." *Id.* (citing *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972) and *Conseco Servs., LLC v. Cuneo*, 904 So. 2d 438, 440 (Fla. 3d DCA 2005)). "A notice of lis pendens should be discharged if 'it appears clear that the plaintiffs can be afforded complete relief on any claim they make in [the] lawsuit without reference to the title of the real property covered by the lis pendens.'" *Pierre v. Charles*, No. 14-61337-CIV, 2014 WL 5406886, at *2 (S.D. Fla. Oct. 21, 2014) (quoting *Beefy King Int'l*, 464 F.2d at 1104); *see also DeGuzman v. Balsini*, 930 So. 2d 752, 755 (Fla. 5th DCA 2006) ("When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized.").

Intervenor Budaev Holdings argues that the instant lis pendens is improper because it improperly impedes Budaev Holdings' legally cognizable interest in the Subject Property. The argument has two separate but interrelated prongs; the court will take each in turn.

Budaev Holdings first argues that, as the current title owner of the property, it is an indispensable party to this action for two reasons: (1) because Plaintiff's lis pendens seeks to impose a restraint on the Subject Property's conveyance, and (2) Plaintiff's claims challenge Budaev Holdings' title to the Subject Property. *See* Fed. R. Civ. P. 19(a); *see also Armendariz v. Scottsdale Ins. Co.*, No. 1:20-CV-20127-UU, 2020 WL 6134263, at *2 (S.D. Fla. Jan. 28, 2020) (finding individual who obtained interest in the subject property via quit claim deed was an indispensable party to claim involving damage to the property); *Carballo v. GeoVera Specialty Ins. Co.*, No. 20-24368-CIV, 2020 WL 8413283, at *2 (S.D. Fla. Dec. 10, 2020) ("The Court

agrees with Defendant that Blanca Alfonso is a required party because she is a named policyholder in the Policy in question and the co-owner of the property."). Plaintiff does not contest that Budaev Holdings is an indispensable party to this action and that it failed to name Budaev Holdings as a defendant. Therefore, Plaintiff cannot assert a *viable* claim to the property or maintain the lis pendens unless Budaev Holdings is a party to this action. At the August 27, 2024 Motion Hearing, Plaintiff argued that it could cure this defect by simply adding Budaev Holdings as a defendant. However, if Budaev Holdings were to be joined, collateral estoppel would bar Plaintiff's equitable lien / constructive trust claim—the only claim that could arguably support imposing a lis pendens on the Subject Property.[1] As the Court discusses below, the issue of whether the Subject Property's title transfer to Budaev Holdings was fraudulently obtained was already adjudicated.

Secondly, even if collateral estoppel were inapplicable here, the Court finds that it lacks jurisdiction over Plaintiff's equitable lien / constructive trust claim. Plaintiff's claim effectively asks this Court to review the state court's determination that the Subject Property's title transfer was not fraudulently procured. Like here, Plaintiff alleged in the state court action that Budaev Holdings' ownership of the Subject Property was obtained by Budaev's fraudulent transfer. At summary judgment, Judge Sanchez-Llorens addressed Plaintiff's claim that Budaev forged Plaintiff's signature and likeness in order to transfer title of the Subject Property to Budaev Holdings and found that "Plaintiff has failed to establish any evidence showing that the instrument was forged." [ECF No. 5-2 at 7]. Therefore, Plaintiff's instant equitable lien / constructive trust

---

[1] As previously noted, Plaintiff's equitable lien / constructive trust claim is the only non-monetary claim alleged that specifically and directly affects the Subject Property. Therefore, the propriety of the lis pendens hinges on whether Plaintiff has alleged a viable equitable lien / constructive trust claim. *Holovka v. Ocean 4660, LLC*, No. 11-62456-CIV, 2011 WL 6721349, at *2 (S.D. Fla. Dec. 21, 2011) ("When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized."). "However, the question is not whether the plaintiff is likely to succeed on the merits." *Axos Clearing*, *LLC*, 2019 WL 2082551, at *2. "Rather, the relevant question is whether alienation of the property or the imposition of intervening liens conceivably could disserve the purposes for which lis pendens exists." *Id.* (cleaned up).

claim would necessarily require that this Court review Judge Sanchez-Llorens' judgment against her. This is the exact circumstance that the *Rooker-Feldman* doctrine precludes. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923).

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). The doctrine "establishes that a party who loses a case in state court cannot appeal that loss in a federal district court." *Behr v. Campbell*, 8 F.4th 1206, 1208 (11th Cir. 2021). This Court, therefore, does not have subject matter jurisdiction over Plaintiff's equitable lien / constructive trust claim, as it is based on the same issues decided by the state court. *Hill v. Fed. Home Loan Mortg. Corp.*, No. 15-23197-CIV, 2016 WL 916824, at *3 (S.D. Fla. Mar. 10, 2016). While Plaintiff's claims in this action may be labeled differently than those raised before the state court, they still invite this Court to make a determination that would render the state court judgment void. This Court must reject Plaintiff's invitation because the Court lacks jurisdiction to make such a determination. *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011) ("Figueroa's federal claims can only succeed to the extent the Florida court erred, and the Court cannot grant Figueroa his requested relief without disturbing the Florida foreclosure judgment . . . It is for the state appeals courts and the U.S. Supreme Court to tell the state court it was wrong. This Court has no such role.").[2]

---

[2] Plaintiff argues that the state court judgment "cannot serve as a basis to defeat the lis pendens in this action" because the "judgment was itself obtained by fraud upon the court and is subject to being set aside on those grounds." [ECF No. 9 at 7]. Plaintiff provides no legal support for this argument. Moreover, the Eleventh Circuit has already declined to recognize a fraud-on-the-court exception to the *Rooker-Feldman* doctrine. *Velazquez v. S. Fla. Credit Union*, 546 F. App'x 854, 858–59 (11th Cir. 2013) (per curiam) (declining to recognize fraud-on-the-court exception where litigant sought to vacate state-court summary judgment against him).

Because the Court does not have jurisdiction over the equitable lien / constructive trust claim, Plaintiff has failed to put forth a good faith, *viable claim* that directly affects the Subject Property. Because Plaintiff has not met her "burden of proof to show a fair nexus between the property and the dispute," the lis pendens must be dissolved. *Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc.*, 675 So. 2d 915, 917 (Fla. 1996).

### III.    CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows: Intervenor Budaev Holdings, LLC's Expedited Motion to Discharge Lis Pendens [ECF No. 5] is **GRANTED**. The Notice of Lis Pendens on the property located at 9705 Collins Ave, Unit 501N, Bal Harbour, FL 33154 is **DISSOLVED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of December, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE